UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL LEEROY SHEFEIK II, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-0112 |
| | § | |
| COUNTY OF GOLIAD TEXAS | § | |
| and | § | |
| VERNON BUSBY | § | |
| and | § | |
| MICHAEL KRUCENSKI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.     INTRODUCTION

Pending before the Court is the defendants', Vernon Busby ("Busby") and Michael Krucenski ("Krucenski") (collectively, the "defendants"), motion for summary judgment and brief in support. (Dkt. No. 19). The plaintiff, Michael Leeroy Shefeik, II (the "plaintiff"), filed a response in opposition to the motion (Dkt. No. 23)[1] and a supplemental declaration. (Dkt. No. 24). The defendants filed a reply to the plaintiff's response. (Dkt. No. 25). After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the defendants' motion for summary judgment should be **GRANTED**.

### II.     FACTUAL OVERVIEW

This lawsuit stems from injuries the plaintiff allegedly sustained when the defendant officers, Busby and Krucenski, used physical force against him during the course of an arrest following a traffic stop on Alcalde De La Bahia Road in Goliad, Texas on December 27, 2016. On December 26, 2018, the plaintiff filed the instant action against Goliad County, Texas and

---

[1] The plaintiff's objections to the defendants' summary judgment evidence are overruled. *See* App. 1.

officers, Busby and Krucenski, individually, alleging claims for excessive force and municipal liability in violation of 42 U.S.C. § 1983. On January 13, 2020, the plaintiff filed an unopposed Stipulation of Dismissal agreeing to dismiss all of his claims against Goliad County, Texas. (*See* Dkt. No. 22). On February 12, 2020, this Court entered an Order granting the plaintiff's Stipulation of Dismissal dismissing Goliad County, Texas as a party defendant. (*See* Dkt. No. 26). The individual defendants, Busby and Krucenski, now move for a summary judgment on the plaintiff's excessive force claim.

## III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV.     ANALYSIS AND DISCUSSION

### A.  The Defendants' Defense of Qualified Immunity

The plaintiff maintains that his Fourth Amendment rights were violated by the defendants' acts and/or omissions, namely their alleged unlawful assault on him and use of excessive force. The defendants, in contrast, contend that the plaintiff's constitutional rights were not infringed and that their actions were objectively reasonable under the circumstances. Consequently, they assert that they are entitled to qualified immunity.

Under the qualified immunity doctrine, governmental officers are safeguarded "from civil liability for damages based upon the performance of discretionary functions if [their] acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona Gen. Hosp.*,

430 F.3d 245, 253 (5th Cir. 2005) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001)). The qualified immunity doctrine has essentially evolved to provide "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed.2d 271 (1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed.2d 396 (1982)). "When a defendant invokes [the] qualified immunity [defense], the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Atteberry*, 430 F.3d at 253 (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

The Fifth Circuit has set forth a two-step analysis to govern the determination of whether the defendants are entitled to qualified immunity. First, a court must determine "whether the facts, either as the plaintiff alleges or as proved without dispute, establish that the officer violated a clearly established constitutional right." *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004) (citing *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)). "If no constitutional right has been violated, the inquiry ends and the defendants are entitled to qualified immunity." *Id.* If, however, the plaintiff has alleged a violation of a clearly established constitutional right, the court must next examine "whether the [defendants'] conduct was objectively unreasonable under established law." *Linbrugger*, 363 F.3d at 540 (citing *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 490 (5th Cir. 2001)); *accord Atteberry*, 430 F.3d at 253. The Fifth Circuit "has repeatedly held that objective reasonableness in a qualified immunity context is a question of law for the court to decide, not an issue of fact." *Atteberry*, 430 F.3d at 256 (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) (stating that "objective reasonableness is a matter of law for the courts to decide, not a matter for the jury") (other citations omitted).

**B.     The Plaintiff's Fourth Amendment Claim of Excessive Force**

Specifically, the plaintiff alleges that the defendants used excessive force during the course of his arrest in violation of his Fourth Amendment rights.  The Fifth Circuit has noted that "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures." *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997) (citing *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed.2d 1 (1985); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)).  "To prevail on an excessive force claim, a plaintiff must establish an:  '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008) (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (internal citation omitted).  The alleged injury, though not required to be significant, must be more than *de minimis*.  *Freeman*, 483 F.3d at 416 (citing *Glenn*, 242 F.3d at 314).  "The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Freeman*, 483 F.3d 416 (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)).

"[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Flores v. City of Palacios*, 381 F.3d 391, 398 – 99 (quoting *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S. Ct. 1391, 59 L. Ed.2d 660 (1979)).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Ramirez*, 542 F.3d at 128 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).  Courts must consider "the fact that police officers are often forced

to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving." *Id.*

The standard imposed is an objective one and requires a court to inquire as to "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ramirez*, 542 F.3d at 129 (quoting *Graham*, 490 U.S. at 397, 109 S. Ct. 1865). In order "[t]o 'gaug[e] the objective reasonableness of the force used by a law enforcement officer, [a court is required to] balance the amount of force used against the need for that force," *Flores*, 381 F.3d at 399 (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996) (internal citation omitted), while "paying careful attention to the facts and circumstances of each particular case." *Flores*, 381 F.3d at 399 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865). This balancing test requires a court to also consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Ramirez*, 542 F.3d at 129 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865). The cases on the use of excessive force are clear: "[t]he 'reasonableness' of a particular [officer's] use of force must be judged from the perspective of a reasonable officer on the scene, rather than with . . . hindsight." *Ramirez*, 542 F.3d at 128 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).

In this case, the plaintiff has tendered his own declaration which veers beyond the scope of his Original Complaint and substantially contradicts the dashcam video contained in the summary judgment record. Where, as here, a plaintiff's version of the facts underlying the parties' dispute is largely refuted by the record, the Fifth Circuit has interpreted the Supreme Court as requiring courts to reject the plaintiff's discredited version of the facts in favor of facts

depicted by the video. *Poole v. City of Shreveport*, 691 F.3d 624, 630 – 31 (5th Cir. 2012) (internal citations omitted).

The evidence evinced by the dashcam video, when taken as true, establishes that: (1) someone contacted 911 to report that the plaintiff had driven through a fence and hit something; (2) the plaintiff provided the defendants with a false identity when stopped and questioned; (3) a rifle was visible inside the plaintiff's vehicle; (4) the plaintiff refused to exit his vehicle, despite being asked, and drove off when the officer attempted to open his door; (5) the defendants pursued the plaintiff for approximately 15 miles, while the plaintiff drove erratically; (6) the plaintiff eventually drove off the road and through a fence; (7) once the plaintiff exited his vehicle, he ran through the woods; and (8) after apprehension, the plaintiff resisted being cuffed.

Against this background, this Court cannot say that the actions of the defendant officers were not necessary for apprehension and did not correspond with the plaintiff's escalating physical resistance. Because the plaintiff has failed to show that the defendants' use of force was clearly excessive or clearly unreasonable, the defendants are entitled to qualified immunity. Accordingly, a summary judgment is warranted on the plaintiff's excessive force claim.

## V.    CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 3rd day of April, 2020.

_____
Kenneth M. Hoyt
United States District Judge